IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:08-165-JFA |
| ) | |
| v. ) | ORDER |
| ) | |
| AUBREY MOTON ) | |
| _____ ) | |

This matter is before the court upon motion of the defendant for a reduction of his term of imprisonment under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 750 of the United States Sentencing Guidelines, the Fair Sentencing Act (FSA), and the recent Supreme Court decision in *Dorsey v. United States*, \_\_\_ U.S. \_\_\_, 132 S.Ct. 2321 (June 21, 2012). For the reasons which follow, the motion is denied.

The defendant pled guilty to Count 1 of the Indictment, which charged possession with intent to distribute a quantity of cocaine, 5 grams or more of cocaine base, and a quantity of marijuana. The minimum/maximum term of imprisonment was 10 years to Life, pursuant to 21 U.S.C. §§841(a)(1), (b)(1)(B), and 851. The defendant was also classified as a career offender under U.S.S.G. § 4B1.1, based on his prior felony convictions. This gave the defendant an offense level of 34 and a criminal history category of VI for a guideline range of 262 to 327 months.. The court found the defendant's career offender status substantially over represented the seriousness of the defendant's criminal history and consequently departed one criminal history category pursuant to U.S.S.G. §§ 4A1.3(b)(1) and 4A1.3(b)(3)(A). The defendant was sentenced to 235 months imprisonment.

2

Section 3582(c)(2) provides that when a defendant's sentencing range has been lowered by the Sentencing Commission under the Guidelines, the court may reduce the term of imprisonment after considering the factors set forth in § 3553(a), and if such a reduction is consistent with the applicable policy statements of the Sentencing Commission.

Here, however, as the government properly notes, the defendant's guideline range was driven by his career offender status and the Chapter Four Enhancement which overrode the base offense level determined by drug quantity under Chapter Two. Thus, the defendant's guidelines sentencing range is unaffected by Amendment 750.

To the extent that the defendant relies on the Fair Sentencing Act of 2010 (FSA) and the United States Supreme Court decision in *Dorsey*, the defendant still cannot avail himself of a reduction in his sentence. The defendant's offense, prosecution, and sentencing all occurred approximately nine months prior to the effective date of the FSA, that is, August 3, 2010.

Accordingly, the defendant's motion (ECF No. 132) is denied.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

January 25, 2013                               Joseph F. Anderson, Jr.
Columbia, South Carolina                       United States District Judge